**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
-------------------------------------------------------------------X

| | |
|---|---|
| **JASON WOODWARD,** | NO. _____ |
| **Plaintiff.** | |
| -   against   - | **COMPLAINT** |
| **THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY AND RICHARD BURNS,** | **Jury Trial Demanded** |
| **Defendants.** | |

-------------------------------------------------------------------X

Plaintiff Jason Woodward ("Plaintiff" or "Mr. Woodward"), by and through his attorneys, FISHER TAUBENFELD LLP, alleges against Defendants PORT AUTHORITY OF NEW YORK AND NEW JERSEY ("Port Authority") and RICHARD BURNS ("Defendant Burns") (collectively Defendants) as follows:

## NATURE OF THE ACTION

1. This action arises under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*, as amended ("ADA"); the Federal Rehabilitation Act of 1973, 29 U.S.C. § 794 *et al.* ("Rehabilitation Act"); and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-12 ("LAD").

2. Plaintiff brings this case against the Port Authority pursuant to the ADA and Rehabilitation Act.

3. Plaintiff brings this case against Richard Burns under LAD.

4. Based upon the following acts and/or omissions, Defendants knowingly violated Plaintiff's rights under federal and state law, and such actions were committed intentionally and/or willfully, with knowledge that Plaintiff would be economically injured:

    a) Defendants' hostile work environment toward Plaintiff based upon his disability

10

and requests for reasonable accommodations for his disability.

b) Defendants' refusal to provide Plaintiff with a reasonable accommodation for his disability; and

c) Defendants' discriminatory and retaliation termination of Plaintiff's employment based on his disability and requests for reasonable accommodations for his disability.

Damages and other legal relief are sought pursuant to the ADA, Rehabilitation Act and LAD.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (original federal question jurisdiction). Supplemental jurisdiction over Plaintiff's LAD claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this District because Defendant conducts business in this District, and acts and/or omissions giving rise to the claims alleged herein took place in this district.

## PARTIES

### *Plaintiff*

7. Plaintiff is a New Jersey resident who suffers from a disability (asthma), as diagnosed by a pulmonologist.

8. Plaintiff regularly uses a rescue inhaler and suffers from pulmonary issues requiring time off from work and other accommodations for his disability.

9. Plaintiff was at all times an "employee" within the meaning of the ADA, Rehabilitation Act, and LAD, protected from discrimination on the basis of disability.

10. Plaintiff was an individual with a "disability," as defined by the ADA,

10

Rehabilitation Act and LAD, because he had been diagnosed with asthma.

*Defendants*

11. Defendant Port Authority maintains a principle place of business at 13 Provost, Jersey City, New Jersey 07302.

12. At all relevant times, Port Authority has engaged in commerce or in an industry or activity affecting commerce and has employed more than twenty (20) employees for each working day during each of the twenty (20) or more calendar workweeks in the current or preceding calendar year and accordingly is an "employer" within the definition of the ADA and Rehabilitation Act.

13. At all relevant times hereto, Defendant Burns has been a supervisor (including Plaintiff's supervisor) and has maintained the authority to make personnel decisions such as hiring, firing, assigning work duties, assessing performance, and disciplining employees, and as such, is an "employer" within the definition LAD.

## FACTUAL ALLEGATIONS

*Background regarding Plaintiff's Employment*

14. Plaintiff has worked as a General Maintainer for Defendants since July 2012.

15. His job duties include assisting mechanics and cutting wood, operating heavy machinery, and engaging in basic maintenance and construction.

16. At all times during his employment with Defendants, Plaintiff has been qualified for his position and has been able to perform the essential functions of his job with or without an accommodation.

17. Defendant Burns, several of Plaintiff's coworkers, members of Human Resources, other supervisors, and Defendants Burns' manager were all aware of Plaintiff's asthma.

*Hostile Work Environment*

18. Defendant Burns became Plaintiff's supervisor in or about July 2018.

19. Starting almost immediately after Mr. Burns began supervising Plaintiff, he subjected Plaintiff to an ongoing pattern of harassment and discrimination based on Plaintiff's disability.

20. On a weekly basis, Defendant Burns made jokes about Plaintiff's disability, questioned the legitimacy of Plaintiff's asthma, and told Plaintiff he was faking his asthma and that his asthma was in his head. Defendant Burns made these remarks directly to Plaintiff and in the presence of others.

21. Defendant Burns mockingly reenacted Plaintiff having an asthma attack and cried aloud, "look at me, I have asthma," while laughing at and humiliating Plaintiff in the presence of others.

22. Defendant Burns would constantly ask Plaintiff why, in light of Plaintiff's disability, he took the job.

23. Other supervisors joined Defendant Burns in making fun of Plaintiff's asthma.

24. Defendant Burns told Plaintiff that Plaintiff was never going to make as much money as him and that he would never get to his level.

25. When there was a job opening, Defendants announced that all employees were welcome to apply for it except Plaintiff, who they explicitly and publicly stated was not permitted to apply based on his disability.

26. Defendant Burns told Plaintiff that he was watching Plaintiff (every move) on camera. Defendant Burns did not do the same with other employees.

*Refusal to Grant an Accommodation and Retaliation*

27. Defendant Burns constantly told Plaintiff that Plaintiff was not fit for his job, even

10

though Plaintiff was able to perform the essential functions of his job and, other than needing occasion time off work for his disability, only needed one accommodation with respect to a particular task.

28. Specifically, Plaintiff asked to not work with an MRM (Machine Repairment), which would require Plaintiff to be inside a tunnel breathing car fumes for several hours a day, exacerbating his asthma.

29. When Plaintiff asked for this accommodation, Defendant Burns threatened to put Plaintiff out of work based on his disability so that Plaintiff would not get paid.

30. Defendant Burns repeatedly forced Plaintiff to work with an MRM inside a tunnel despite Plaintiff's accommodation request.

31. Defendant Burns referred Plaintiff to the Port Authority's medical department because he deemed Plaintiff to be unfit for the job.

32. Critically, Plaintiff was able to perform all the essential functions of his job and solely asked for occasional time off work and to not be forced to use an MRM (Machine Repairment), which would require Plaintiff to be inside a tunnel breathing car fumes for several hours a day, exacerbating his asthma.

33. Plaintiff filed a formal request for an accommodation with supporting medical documentation.

34. Defendants repeatedly told Plaintiff that something was wrong with his accommodation request and proceeded to ignore his request and continually force Plaintiff to perform duties that exacerbated Plaintiff's condition.

35. Defendant Burns told Plaintiff that despite his disability, "sometimes you have to do a job" or stated words to that effect.

36. To date, Defendants have not provided Plaintiff with a response to his request for

an accommodation and have failed to engage in the interactive process with Plaintiff.

### *Retaliation*

37. Plaintiff has complained to Human Resources, the Facility Maintenance Supervisor, and various employees and supervisors about Defendants' unlawful treatment.

38. Defendants have done nothing to prevent the harassment or take remedial action.

39. In fact, Defendant Burns retaliated against Plaintiff after Plaintiff filed a complaint in October 2019.

40. Within one month of Plaintiffs complaint, Defendant Burns wrote up Plaintiff three times and reduced Plaintiff's overtime for no reason.

41. Plaintiff was told to "watch [his] back" by Defendant Burns' superior.

42. Wayne Turner of Human Resources told Plaintiff that Plaintiff was lying about his allegations against Defendant Burns and stated that Defendant Burns is a good guy.

### **FIRST CAUSE OF ACTION**

**(Failure to Provide a Reasonable Accommodation
Against the Port Authority
in violation of the ADA)**

43. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

44. By the acts and practices described herein, the Port Authority violated the ADA by failing to accommodate Plaintiff's disability.

45. Plaintiff's asthma constitutes a disability within the meaning of the ADA.

46. Plaintiff requested an accommodation for his disability and the Port Authority refused to grant it or even engage in the interactive process.

47. As a proximate result of the Defendant's unlawful acts of discrimination, Plaintiff has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment,

humiliation and harm to his reputation.

48. As a proximate result of the Defendant's unlawful acts of discrimination, Plaintiff has suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits.

### SECOND CAUSE OF ACTION
### (Discrimination Based on Disability
### Against the Port Authority
### in Violation of the ADA)

49. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

50. Plaintiff's asthma constitutes a disability within the meaning of the ADA.

51. The Port Authority willfully violated the ADA when it created a hostile work environment against Plaintiff based on his disability.

52. As a proximate result of Defendant's unlawful acts of discrimination, Plaintiff has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to his reputation.

53. As a proximate result of the Defendant's unlawful acts of discrimination, Plaintiff has suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits.

### THIRD CAUSE OF ACTION
### (Retaliation Based on Plaintiff's
### Requests for an Accommodation
### Against the Port Authority
### in Violation of the ADA)

54. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

55. Plaintiff requested an accommodation for his disability.

56. The Port Authority willfully violated the ADA when it created a hostile work environment against Plaintiff based on his requests for an accommodation for his disability.

57. As a proximate result of Defendant's unlawful acts of retaliation, Plaintiff has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to his reputation.

58. As a proximate result of the Defendant's unlawful acts of retaliation, Plaintiff has suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits.

## FOURTH CAUSE OF ACTION

**(Failure to Provide a Reasonable Accommodation
Against the Port Authority
in violation of the Rehabilitation Act)**

59. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

60. By the acts and practices described herein, the Port Authority violated the Rehabilitation Act by failing to accommodate Plaintiff's disability.

61. Plaintiff's asthma constitutes a disability within the meaning of the Rehabilitation Act.

62. Plaintiff requested an accommodation for his disability and the Port Authority refused to grant it or even engage in the interactive process.

63. As a proximate result of the Defendant's unlawful acts of discrimination, Plaintiff has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to his reputation.

64. As a proximate result of the Defendant's unlawful acts of discrimination, Plaintiff has suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits.

## FIFTH CAUSE OF ACTION
### (Discrimination Based on Disability
### Against the Port Authority
### in Violation of the Rehabilitation Act)

65. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

66. Plaintiff's asthma constitutes a disability within the meaning of the Rehabilitation Act.

67. The Port Authority willfully violated the Rehabilitation Act when it created a hostile work environment against Plaintiff based on his disability.

68. As a proximate result of Defendant's unlawful acts of discrimination, Plaintiff has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to his reputation.

69. As a proximate result of the Defendant's unlawful acts of discrimination, Plaintiff has suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits.

## SIXTH CAUSE OF ACTION
### (Retaliation Based on Plaintiff's
### Requests for an Accommodation
### Against the Port Authority
### in Violation of the Rehabilitation Act)

70. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

71. Plaintiff requested an accommodation for his disability.

72. Port Authority willfully violated the Rehabilitation Act when it created a hostile work environment against Plaintiff based on his requests for an accommodation for his disability.

73. As a proximate result of Defendant's unlawful acts of retaliation, Plaintiff has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment,

humiliation and harm to his reputation.

74. As a proximate result of the Defendant's unlawful acts of retaliation, Plaintiff has suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits.

### SEVENTH CAUSE OF ACTION

**(Failure to Provide a Reasonable Accommodation
Against Defendant Burns
in violation of LAD)**

75. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

76. By the acts and practices described herein, Defendant Burns violated LAD by failing to accommodate Plaintiff's disability.

77. Plaintiff's asthma constitutes a disability within the meaning of LAD.

78. Plaintiff requested an accommodation for his disability and Defendant Burns refused to grant it or even engage in the interactive process.

79. As a proximate result of the Defendant Burn's unlawful acts of discrimination, Plaintiff has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to his reputation.

80. As a proximate result of the Defendant's unlawful acts of discrimination, Plaintiff has suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits.

### EIGHTH CAUSE OF ACTION
**(Discrimination Based on Disability
Against Defendant Burns
in Violation of LAD)**

81. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

82. Plaintiff's asthma constitutes a disability within the meaning of LAD.

83. Defendant Burns willfully violated LAD when he created a hostile work environment against Plaintiff based on his disability.

84. As a proximate result of Defendant Burn's unlawful acts of discrimination, Plaintiff has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to his reputation.

85. As a proximate result of the Defendant Burn's unlawful acts of discrimination, Plaintiff has suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits.

**NINTH CAUSE OF ACTION**
**(Retaliation Based on Plaintiff's**
**Requests for an Accommodation**
**Against Defendant Burns**
**in Violation of LAD)**

86. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

87. Plaintiff requested an accommodation for his disability.

88. Defendant Burns willfully violated LAD when he created a hostile work environment against Plaintiff based on Plaintiff's requests for an accommodation for his disability.

89. As a proximate result of Defendant Burn's unlawful acts of retaliation, Plaintiff has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to his reputation.

90. As a proximate result of the Defendant's unlawful acts of retaliation, Plaintiff has suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment:

1. back pay, prejudgment interest, front pay and damages for all employment wage and benefits Plaintiff would have received but for the unlawful acts and practices of Defendants;

2. reasonable attorneys' fees and costs incurred in this action; and

3. any other relief that the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury.

Dated:   New York, New York
         May 21, 2021

                        Respectfully submitted,

                        **FISHER TAUBENFELD LLP**

*Michael Taubenfeld*
Michael Taubenfeld, Esq.
*Attorneys for Plaintiff*
225 Broadway, Suite 1700
New York, New York 10007
Phone: (212) 571-0700
Fax: (212) 505-2001